RICHARD E. VOLLERTSEN, ESQ.
ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Mardi Strong
420 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 276-1700
Fax: (907) 272-2082
rev@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARDI STRONG,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. _____ |

## **COMPLAINT**

Plaintiff, by and through counsel of record, Atkinson Conway & Gagnon, hereby claim and allege as follows:

    1.    Plaintiff Mardi Strong is a resident of the State of Alaska.

    2.    The acts or omissions upon which this case is based occurred in Anchorage, Alaska.

3. This suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, and this Court has exclusive jurisdiction over this action, pursuant to 28 U.S.C. § 1346(b). Venue in this District is authorized by 28 U.S.C. § 1402(b).

4. Notice of this claim as required by 28 U.S.C. § 2675 was received by the United States Department of Health & Human Services on February 7, 2013.

5. Defendant has not rendered a final administrative decision, and more than six months has elapsed since Plaintiff submitted her administrative claim.

6. The Alaska Native Medical Center (hereinafter "ANMC") is operated by the Alaska Native Tribal Health Consortium (hereinafter "ANTHC") in Anchorage, Alaska. ANMC is a compacting entity of the Indian Health Service ("IHS"). Health care providers at ANMC are employees of the United States for purposes of liability under the FTCA if they are employees of ANMC, acting within the scope of their employment, and carrying out the compact with the IHS at the time of the act which gives rise to the Complaint.

7. At all times pertinent to the Complaint, the employees of ANMC who are alleged to have acted negligently and in reckless disregard of Mardi Strong's health and safety were acting within the scope of their employment in carrying out ANMC's compact with the IHS.

8. Mardi Strong is an adult, d/o/b September 5, 1963.

9. Mardi Strong is an enrolled tribal member, and was entitled to receive medical care from the IHS and entities that compact with the IHS, including ANMC and ANTHC.

10. In January and February of 2011, Mardi Strong presented to ANMC care providers on multiple occasions at the emergency room and the family medicine/primary care clinic with complaints of an infected scratch, with fever and chills. She was assessed with cellulitis, and Group A strep and MRSA were found on wound cultures. Plaintiff completed all medication regimes and presented at all scheduled appointments in follow-up care.

11. On February 16, 2011, Mardi Strong returned to ANMC with left lower extremity complaints, as well as fever and diffuse body aches. She also demonstrated lower extremity rash and hypokalemia. She was misdiagnosed as suffering from shingles, and given a course of the medication Famciclovir, but received no antibiotics and no appropriate workup or lab studies for infection were completed, nor was she hospitalized.

12. Mardi Strong was again seen on February 17, 2011, with nausea, and her rash was again documented. She was provided with promethazine IM and Phenergan for nausea and vomiting, and her treatment for misdiagnosed shingles was continued. She was discharged to her home and instructed to return in a week, again without receiving any appropriate workup or lab studies for infection or antibiotics and was again not hospitalized.

13. On February 21, 2011, Mardi Strong returned to ANMC with a temperature of 103°. She was tachycardic and hypotensive at this time, and was also found to be suffering from acute renal insufficiency, anemia, and left thigh cellulitis. She was assessed with overwhelming Group A streptococcal bacteremia secondary to cellulitis associated with sepsis. She suffered acute respiratory, renal, and heart failure, as well as erysipelas, and yeast pneumonia. Her systemic infection led also to thrombocytopenia,

multifactorial anemia, leukocytosis, and hypokalemia.  Her severe illness caused dry gangrene and mummification of her limbs, requiring the amputation of her right and left forearms and hands, as well as amputation below the knee of her right leg and foot, and disarticulation amputation of her left knee and foot, rendering her a quadruple amputee.  Her amputation surgeries occurred on March 21, 2011 and March 25, 2011, with subsequent surgeries for re-infection and wound drainage between March 30, 2011 and April 4, 2011.

## COUNT I

14. Medical personnel employed by ANMC, including doctors, nurses, ANPs, PAs, and other care providers breached the applicable standards of care, and were negligent in providing medical care to Mardi Strong.  The negligent misconduct of these health care providers includes, but is not limited to, the failure to timely diagnose and treat Plaintiff, and the failure to coordinate and manage her care, which proximately caused her catastrophic injuries.  Such negligence includes, but is not limited to, the failure to meet the standards of care applicable to Plaintiff's condition, inadequate hospitalization, inadequate vigilance over a systemic polymicrobial infection in the care of a Native patient with a demonstrated vulnerability to systemic and necrotizing infection, misdiagnosis, inadequate supervision of care providers, inadequate discharge planning and instruction, the failure to employ a differential diagnosis, the failure to provide an appropriate antibiotic regimen, and the failure to provide continuous, coordinated care through an assigned physician responsible for her diagnosis, treatment, care and return to wellness.

15. As a direct and proximate result of the negligent misconduct of the care providers described above, Mardi Strong has suffered past and future damages, including, but not limited to:

    (a)    Personal injuries, including amputation of her hands and feet, and portions of her arms and legs;

    (b)    Great physical and mental pain and shock;

    (c)    Agony and emotional suffering;

    (d)    Loss of enjoyment of life;

    (e)    Loss of love and companionship;

    (f)    Medical, rehabilitative, and life care expenses, including but not limited to:

        i.    Complex case management services;

        ii.    Occupational and physical therapy;

        iii.    Vocational rehabilitation;

        iv.    Renal and cardiac care;

        v.    Medication management;

        vi.    Pain management;

        vii.    Skin integrity management;

        viii.    Orthopedic management;

        ix.    Prosthetic devices and assistive medical devices;

        x.    Assistance with all activities of daily living, including personal care and hygiene, transportation, and household management;

        xi.    Handicapped housing and transportation;

        xii.    Wage and other economic losses;

xiii. Loss of Insurability; and

xiv. Other economic and noneconomic losses, all in excess of $100,000.00, the exact amount to be determined at trial.

## COUNT II

16. The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

17. Medical personnel employed by ANMC, including doctors, nurses, ANPs, PAs, and other care providers engaged in reckless misconduct, and acted with reckless disregard for the rights and safety of Mardi Strong. While knowing that Plaintiff was a patient at high risk, her care providers knowingly and recklessly chose not to provide vigilant, continuous, and coordinated care such that she was denied proper diagnosis and treatment for her systemic illnesses. Her care providers recklessly failed to employ a differential diagnosis, and recklessly released her with no appropriate workups or lab studies, and with no antibiotic protection for systemic infection which had not been diagnostically ruled out. Finally, her care providers recklessly provided no vigilance over a systemic polymicrobial infection in the care of a Native patient with a demonstrated vulnerability to systemic and necrotizing infection.

18. The risk of injuries and losses sustained by Mardi Strong were known and foreseeable by her care providers when she was treated, and their reckless disregard of the risk of such injuries was the proximate cause of the damages she suffered.

19. Pursuant to AS 09.55.549(f), the limit imposed on noneconomic damages within that statute does not apply because Mardi Strong's care providers engaged in

reckless misconduct, and acted with reckless disregard for the rights and safety of Mardi Strong.

WHEREFORE, Plaintiff prays for relief as follows:

a. An amount in excess of $100,000.00, the exact amount to be determined at trial;

b. For costs and such other and further relief as this Court deems just and equitable.

DATED this _____ day of August, 2013.

ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Mardi Strong

By  s/Richard E. Vollertsen
  Richard E. Vollertsen
  420 L Street, Suite 500
  Anchorage, AK 99501
  Phone: (907) 276-1700
  Fax: (907) 272-2082
  E-mail: rev@acglaw.com
  ABA No. 8111135